UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- x
DARRELL VENABLE, *pro se*, :
: **<u>SUMMARY ORDER</u>**
Petitioner, : 14-CV-5210 (DLI)
:
-against- :
:
WILLIAM F. KEYSER, :
:
Respondent. :
:
-------------------------------------------------------------------x
**DORA L. IRIZARRY, United States District Judge:**

*Pro se* petitioner Darrell Venable ("Petitioner"), currently incarcerated at Sullivan Correctional Facility in Fallsburg, New York, requests an order dismissing or transferring this case so that he can seek permission from the United States Court of Appeals for the Second Circuit to proceed with a second or successive petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 ("§ 2254"). For the reasons set forth below, Petitioner's request is granted, and this case is transferred to the Court of Appeals.

## BACKGROUND

On April 5, 1999, following a jury trial in New York Supreme Court, Kings County, Petitioner was convicted of Murder in the Second Degree and Criminal Possession of a Weapon in the Second Degree. *See* March 19, 2009 Order, *Venable v. Walsh*, 2009 WL 750230, at *2 (E.D.N.Y. Mar. 19, 2009). The state trial court sentenced Petitioner as a second violent felony offender to concurrent terms of imprisonment of twenty-five years to life on the murder conviction, and fifteen years on the weapon possession conviction. *See id.*

On January 7, 2005, Petitioner filed a *pro se* petition pursuant to § 2254 challenging his April 1999 convictions. *See id.* at *3. Petitioner asserted various grounds for relief, including

that he received ineffective assistance of counsel because his trial attorney failed to object to certain portions of the prosecutor's opening statements and summation, and failed to properly impeach a witness' testimony. *See id.* at *9-10. On at least three occasions, this Court permitted Petitioner to amend and/or supplement his petition. *See id.* at *3-4. By Memorandum & Order dated March 19, 2009, this Court denied Petitioner's amended petition on the merits. *See id.* at *11. Judgment was entered on March 23, 2009, dismissing the petition and denying Petitioner a Certificate of Appealability.

On September 3, 2014, Petitioner filed the instant *pro se* petition ("Petition") pursuant to § 2254 challenging the same April 1999 convictions that were the subject of his prior § 2254 petition. (*See* Petition, Docket Entry No. 1.) By way of incorporating a motion to vacate filed in state court pursuant to New York Criminal Procedure Law § 440.10, the Petition asserts that Petitioner received ineffective assistance of counsel because his trial attorney failed to properly advise him of a plea offer allegedly made by the prosecution. (*See id.* at 4 and Ex. 1.) The District Attorney for Kings County, New York subsequently responded to the Petition, opposing it and arguing that it constitutes a successive petition that may not be considered unless Petitioner first obtains an order from the Second Circuit authorizing this Court to consider it. (*See* Docket Entry No. 5.) By letter motion filed August 6, 2015, Petitioner conceded that he erroneously filed the Petition in this Court, and therefore requests that the Court either dismiss this case or transfer it to the Court of Appeals. (*See* Docket Entry No. 8.)

## DISCUSSION

28 U.S.C. § 2244(b)(3)(A) provides that, "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate

2

court of appeals for an order authorizing the district court to consider the application." The circumstances in which a petition will be deemed "second or successive" are not defined by statute, but the Second Circuit has explained that a petition is "second or successive" if a prior petition, "raising claims regarding the same conviction or sentence, has been decided on the merits." *Corrao v. United States*, 152 F.3d 188, 191 (2d Cir. 1998). Applying that definition to the facts here, the Court finds that the instant Petition is successive of the prior petition filed by Petitioner in 2005, which this Court decided on the merits by its March 19, 2009 Order.

Therefore, this Court lacks jurisdiction to consider the merits of the instant Petition. Recognizing as much, Petitioner asks that the Court either dismiss or transfer the Petition. Even where a petition appears time-barred or otherwise unlikely to succeed on the merits, as is the case here, the Second Circuit has expressed its preference for transferring the petition pursuant to 28 U.S.C. § 1631 in conformity with the gatekeeping provisions of the Antiterrorism and Effective Death Penalty Act of 1996. *See Corrao*, 152 F.3d at 191 (upon determining that petition was successive, district court should have transferred the petition to Court of Appeals but instead impermissibly "dismissed [it] as time-barred, as an unauthorized successive petition, and as lacking merit."); *see also Mateo v. United States*, 903 F. Supp. 2d 282, 285 (S.D.N.Y. 2012); *Minnifield v. Murphy*, 2010 WL 4363331, at *2 (D. Conn. Oct. 28, 2010) ("Although, after reviewing the petition and the petitioner's response to the respondent's motion to dismiss, the Court concludes that the chances of the petitioner succeeding on his request to file a second or successive petition are extremely slim, the Court will transfer this case to the Second Circuit for review.") Accordingly, this case is transferred to the Court of Appeals pursuant to 28 U.S.C.

§ 1631, in the interest of justice, for a determination of whether Petitioner's successive § 2254 Petition may proceed in this Court.

## CONCLUSION

For the foregoing reasons, the Clerk of the Court is respectfully directed to transfer this case to the Second Circuit Court of Appeals, pursuant to 28 U.S.C. § 1631, and to close this case on the docket of this Court. If the Court of Appeals authorizes Petitioner to proceed in this matter, he shall move to reopen the case under this docket number, 14-cv-5210. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: Brooklyn, New York
October 23, 2015

/s/
DORA L. IRIZARRY
United States District Judge